**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Van Dam,<br><br>           Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>           Defendant. | No. CV11-0956-PHX-DGC<br><br>**ORDER** |

Plaintiff filed an application for supplemental security income (SSI) on April 29, 2008, claiming a disability onset date of April 1, 2011 due to mental impairments. TR 19. The application was denied initially on July 30, 2008 and again on October 8, 2008. *Id.* A hearing before an administrative law judge (ALJ) was held on December 9, 2009. *Id.* The administrative law judge (ALJ) issued a decision on February 19, 2010, finding that Plaintiff was not disabled within the meaning of the Social Security Act. TR 16-32. This decision became Defendant's final decision when the Appeals Council denied review. TR 1-3. Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). For the reasons that follow, the Court will affirm Defendant's decision.

**II.    Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere

scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* To determine whether substantial evidence supports Defendant's decision, the Court must review the administrative record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support Defendant's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**III. Analysis.**

Plaintiff claims that (1) the ALJ's determination that Plaintiff is unable to sustain work on a regular and continuous basis due to substance abuse is not based on substantial evidence; (2) the ALJ did not accord adequate weight to the opinions of Plaintiff's treating physicians in conformity with 20 C.F.R. § 404.1527; and (3) the ALJ should have considered Plaintiff's borderline personality as a severe and disabling condition. Doc. 10.

**A. Substance Abuse as a Material Contributing Factor.**

Whether a claimant is disabled is determined using a five-step sequential evaluation process. The claimant bears the burden in steps one through four. To establish disability the claimant must show (1) he is not currently working, (2) he has a severe medically determinable physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. 20 C.F.R. § 416.920(a). At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Id.*

The ALJ found that Plaintiff suffers severe impairments of schizoaffective disorder, depressive disorder, and substance abuse. TR 22. The ALJ found that these impairments do not individually or in combination meet the criteria for severity listed in 20 C.F.R. § 416.920(d). Considering Plaintiff's age, education, work experience, and RFC impaired by substance abuse, the ALJ determined that there are no jobs that exist in

significant numbers in the national economy that Plaintiff can perform. TR 28. "With substance abuse, [Plaintiff] is unable to meet the basic mental demands of competitive unskilled work on a sustained basis." TR 29.

Notwithstanding this initial disability determination, the ALJ was required to perform an additional analysis in light of Plaintiff's medical record of substance abuse. The Commissioner "must determine whether [a claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability . . . ." 20 C.F.R. § 416.935(a). The key factor is whether the Commissioner would still find the claimant disabled if he stopped using drugs or alcohol. 20 C.F.R. § 416.935(b). An individual is not considered "disabled" for the purposes of receiving SSI "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(3)(J).

Plaintiff did not meet his burden of showing that his substance abuse was not material. *See Parra v. Astrue*, 481 F.3d 742, 748-50 (9th Cir. 2007). Plaintiff's medical records are replete with diagnoses and his own admissions of alcohol dependence. TR 22-23, 223, 226-27, 278, 320. The medical evidence, as well as Plaintiff's own reports and hearing testimony, indicate that Plaintiff has not complied with the medical regimens prescribed by his physicians. Plaintiff self-discontinued anti-psychotic medication, declined substance abuse treatment, and declined inpatient care. TR 223, 301-02, 305. Plaintiff notes that he did not consume alcohol while incarcerated and "continued to have difficulties dealing with stress, self-mutilated, reported seeing bugs, expressed anger, and was described as pessimistic," and argues that this evidence supports a finding of disability independent of substance abuse. Doc. 10, at 4. However, it is insufficient to show that limitations exist independent of substance abuse. Plaintiff must prove that these remaining limitations are disabling. *See* 20 C.F.R. § 416.935(b) ("If we determine that your remaining limitations would not be *disabling*, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.") (emphasis added).

The ALJ properly considered the entire record in analyzing which limitations would remain if the substance abuse stopped and whether they would be disabling. The ALJ considered medical evidence that Plaintiff may have mild-to-moderate difficulty interacting appropriately with the public and moderate difficulty responding to supervisory criticism, getting along with co-workers, and sustaining concentration. TR 29. The ALJ also considered that Plaintiff would not have problems with personal care, preparing simple meals, and performing household chores. TR 144-51, 281-84. Plaintiff is able to pay his bills, count change, and handle a checking account. TR 144-51. The ALJ determined that if Plaintiff stopped his substance abuse, his mental health symptoms would not prevent him from maintaining unskilled work and that his remaining limitations would not be disabling. TR 29-31.

This determination meets the substantial evidence standard. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Because substantial evidence supports the ALJ's determination that substance abuse is a contributing factor material to the disability determination, the Court must uphold the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act and is ineligible for SSI. 42 U.S.C. § 1382c(3)(J).

**B. Weight Accorded to Treating Physicians.**

Regarding the weight that an ALJ should give to a particular medical opinion, the Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); 20 C.F.R. § 416.927(d)(1), (2).

If a treating physician's opinion is controverted by a non-treating physician's opinion, the ALJ must make findings setting forth "'specific, legitimate reasons'

supported by substantial evidence in the record" for rejecting it. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Practitioner Lusk was Plaintiff's treating provider.[1] Among the diagnoses she provided in Plaintiff's Supplemental Questionnaire were marked limitations with understanding and remembering short, simple instructions and extreme limitations with responding appropriately to work pressures in a usual work setting. TR 303-04. The ALJ gave some weight to Practitioner Lusk's opinion, but found that she did not adequately address Plaintiff's substance abuse and that her notes did not comport with the Plaintiff's overall treatment record. TR 27. The Court finds these to be specific reasons for giving less weight to Practitioner Lusk's opinions, and that the ALJ's reasons are both legitimate and supported by substantial evidence. As the ALJ noted, Drs. Vaughan, Rabara, and Nagella all diagnosed Plaintiff with alcohol dependence. TR 22-23. The ALJ also noted the following additional information from the medical records. In a July 2008 exam by Dr. Rabara, Plaintiff reported that he had 10 driving under the influence offenses and that he last consumed alcohol "last night. I had a bunch." *Id.* at 23. Plaintiff reported that he drinks "every other day," and admitted to recreational use of marijuana. *Id.* Treatment notes from November of 2008 show that Plaintiff was "not really" taking his medications, that he was still drinking, and that he smelled of alcohol during the exam. TR 23. Practitioner Lusk's notes from June of 2009 indicate that Plaintiff reported he drinks beer every other day, as much as he can; that he declined inpatient treatment and detoxification; and that he declined medications. *Id.* In October of 2009, Practitioner Lusk noted that Plaintiff reported drinking one day and being hung

---

[1] The Court does find it necessary to address the distinction between "acceptable medical sources" and "other sources" because the ALJ properly weighed Practitioner Lusk's findings, and her status as a nurse practitioner would not alter the outcome. *See* Doc. 11, at 9-10; 20 C.F.R. § 415.913(a).

over the next, that he usually drinks 15 beers at a time, and that he had not obtained his medication for months. *Id.* at 23-24. Practitioner Lusk provided a check-the-box summary of Plaintiff's limitations on October 27, 2009, as well as this brief finding: Plaintiff "has auditory hallucinations daily, at times constantly which interfere with his functioning." TR 303. Despite the substantial information in the medical record regarding Plaintiff's substance abuse and her own diagnoses of Plaintiff's alcohol dependence (TR 306, 311), Practitioner Lusk's brief medical findings made no mention of alcohol dependence (TR 303-304). The Court finds the ALJ's reasons for according her opinion less weight to be specific, legitimate, and supported by substantial evidence.

An ALJ need not accept such a treating physician's opinion if it is brief, conclusory, and unsupported by clinical findings. *See Thomas*, 278 F.3d at 956-57 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). The ALJ found that Dr. Vaughan's assessments were not accompanied by appropriate clinical signs or findings, and that he "simply ticked a box agreeing with the claimant's statement of his impairment." TR 27. Dr. Vaughan marked a box indicating that Plaintiff had schizophrenia based on Plaintiff's statement of his impairment. TR 219. Rather than relying solely on this conclusory finding, the ALJ properly considered Dr. Vaughan's entire assessment. As the ALJ notes in his decision, Dr. Vaughan indicated that Plaintiff admitted to poor compliance with medication, stating "[n]othing ever helps much. Beer helps the best, but I don't want to go there." TR 22, 223. The ALJ concluded that Plaintiff's "noncompliance does not support the alleged intensity and duration of his subjective complaints and limitations." TR 26. The Court finds this to be a specific, legitimate reason for giving less weight to Dr. Vaughan's opinion and that this reason is supported by substantial evidence of Plaintiff's alcohol abuse in the record. *See* TR 22-23.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews*, 53 F.3d at 1039. Some of the medical reports opine that Plaintiff could not perform substantially gainful employment. TR 219,

304. Others indicate that Plaintiff would be able to carry out simple instructions, adhere to a schedule, and adapt adequately. TR 283. Each of the medical reports cites Plaintiff's substance abuse. TR 223, 227, 278, 302, 305-318. To the extent that the reports were ambiguous, e.g., Dr. Nagella's report ("Todd is unable to seek gainful employment and would not succeed in any employment setting due to his mental illness *as well as* his history of substance abuse.") (TR 302) (emphasis added), the ALJ acted well within his power to weigh the evidence before him and make the determination that Plaintiff's substance abuse was a contributing factor material to his disability. The Court does not find error in the ALJ's analysis of the treating physician opinions. The Court finds that the ALJ provided specific, legitimate reasons, supported by substantial evidence in the record, for his assessment of the medical providers' opinions.

### C. Procedure for Evaluating Mental Impairments.

Plaintiff alleges that the ALJ failed to use appropriate procedures for evaluating his borderline personality as a severe impairment. The ALJ applied the requisite five-step process. TR 21-29. He included borderline traits in his analysis of the severity of Plaintiff's impairments. TR 22; *see* 20 C.F.R. § 416.920(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."); 20 C.F.R. § 416.920(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s).") The Court finds that the ALJ sufficiently considered Plaintiff's borderline personality diagnosis in the five-step evaluation of his overall mental impairments.

**IT IS ORDERED:**

1. Defendant's administrative decision denying benefits is **affirmed**.

2. The Clerk is directed to terminate this action.

Dated this 20th day of October, 2011.

_____
David G. Campbell
United States District Judge